UNITED STATES of America, Plaintiff,

v.

ONE ASSORTMENT OF FIVE FIREARMS, etc., Defendant.

Civ. A. No. 79–384–N.

United States District Court, M. D. Alabama, N. D.

Jan. 11, 1980.

Calvin C. Pryor, Asst. U. S. Atty., Montgomery, Ala., for plaintiff.

Elno A. Smith, Jr., Montgomery, Ala., for defendant.

## OPINION

VARNER, Chief Judge.

The cause is now before the Court on Plaintiff's motion for summary judgment filed herein December 5, 1979. The motion is submitted along with the affidavits, exhibits and admissions on file. Upon consideration of the motion and after construing the evidence against the Plaintiff, this Court finds that there remains no material issue of fact and that the Plaintiff is entitled to judgment as a matter of law for the reasons stated herein.

## FACTS

The pleadings, affidavits, exhibits and admissions, when construed against the Plaintiff, reveal the following material facts:

1. The Claimant, Cynthia Casey, is the wife of Nathan Sherman Casey, Jr., (a/k/a and hereinafter referred to as Sherman Casey). Sherman Casey is a convicted felon and was such on May 21, 1979.

2. At approximately 10:00 a. m., on May 21, 1979, investigators for the Alabama Department of Public Safety, acting pursuant to a search warrant obtained from the Circuit Court of Montgomery County, Alabama, observed seven firearms in the residence of Sherman Casey at 1525 Gibson Street in Montgomery, Alabama. This information was forwarded to agents of the Bureau of Alcohol, Tobacco and Firearms, Department of the United States Treasury, (hereinafter referred to as ATF).

3. After receiving the aforementioned information, ATF agents reviewed the criminal record of Sherman Casey and discovered that Casey had been convicted on four separate occasions of a total of seven felony counts. Said ATF agents thereupon sought and received a search warrant from a federal magistrate to search the residence of Sherman Casey and seize all of the firearms within the residence with the exception of a pistol that was noted to be in the possession of the Claimant during the previous search.

4. At approximately 2:45 p. m., on May 21, 1979, ATF agents executed a search of the Sherman residence, whereupon they found five firearms in a cabinet in the bedroom. Those firearms are described as follows: (1) Westernfield Model M732.30–06 (cal.) Rifle, serial No. 701463; (2) Fox double barrell 12-gauge shotgun, serial No. A684624; (3) Mossberg Model 600AT 12-gauge shotgun, serial No. G987472; (4) Winchester Model 190 .22 (cal.) semiautomatic rifle, serial No. B1713647; and (5) Springfield Model 67 20-gauge pump shotgun. This Court takes judicial notice that all five firearms were manufactured outside the State of Alabama.

5. After the weapons were discovered, Sherman Casey was advised of his *Miranda* rights. An ATF agent read Casey ATF Form 3200.4 containing a waiver of the right to remain silent and the right to counsel, which Casey signed. Following his waiver, Sherman Casey stated that the firearms within the cabinet were his and that he had purchased them. ATF agents then seized the five firearms within the cabinet. All five were later tested and found operable.

6. On July 23, 1979, Cynthia Casey notified the ATF that she claimed the five firearms found in the bedroom cabinet. She signed an affidavit whereby she stated that she purchased all five of the seized firearms. Submitted with the affidavit were three form "Bills of Sale" that purport to contain the signatures of three persons from whom the firearms were purchased (two persons allegedly sold the Claimant two firearms each) and which name Claimant as the person making the purchase.

7. On October 18, 1979, the Plaintiff filed a Request for Admission which has not been answered by the Claimant. In said request, Claimant is asked to admit that her affidavit is untrue; that the bills of sale do not represent genuine transactions; and that her husband actually received the firearms.

8. Claimant has not responded to Plaintiff's motion for summary judgment, and Claimant's attorney has represented to the

Court that he has been unable to locate the Claimant.

## CONCLUSIONS OF LAW

This is a suit to condemn firearms seized from the possession of a convicted felon. This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1345.

Title 18, § 924(d), United States Code, declares that any firearms involved or used in violation of any criminal law of the United States shall be subject to seizure and forfeiture. Section 922(h)(1) provides that it is unlawful for any person who has been convicted in any court of a felony to receive any firearm which has been transported in interstate commerce.

This Court notes that Claimant has failed to respond to the Plaintiff's request for admissions within the required 30-day period. Pursuant to Rule 36(a), Federal Rules of Civil Procedure, such a failure to respond renders the requested matter admitted for the purpose of this cause. Among other matters admitted, Claimant is deemed to admit that Sherman Casey actually received or took delivery of the five firearms involved in this cause. This Court has taken judicial notice of the fact that all five firearms were manufactured outside of the State of Alabama and, therefore, obviously transported in interstate commerce. This Court would also note that Claimant has failed to respond to Plaintiff's motion for summary judgment as required by Rule 56, Federal Rules of Civil Procedure. Therefore, this Court is of the opinion that the subject firearms were used in violation of the laws of the United States preventing ex-felons from possessing firearms. Accordingly, Plaintiff is entitled to judgment condemning said firearms pursuant to the forfeiture provision of the United States Code.

A Judgment will be entered in accordance with this opinion.